**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-1992**

───────────

RAMATU NDOMIH NGAH,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.  (A95-551-412)

───────────

Submitted:  April 20, 2005          Decided:  May 17, 2005

───────────

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Blaine L. Gilbert, BLAINE L. GILBERT & ASSOCIATES, P.A., Baltimore, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Kenneth W. Gaul, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ramatu Ndomih Ngah, a native and citizen of Cameroon, petitions for review of a final order issued by the Board of Immigration Appeals (Board), affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

Ngah challenges the IJ's determination that she failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien must show that "the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio v. Bd. of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (internal quotation marks omitted)). We have reviewed the record and conclude that Ngah fails to demonstrate that the evidence compels a contrary result. Accordingly, we cannot grant the relief that Ngah seeks.

In addition, we conclude that Ngah's claim that the Board's summary affirmance of the IJ's decision violated her due

---

[*]The immigration judge also found Ngah's application to be frivolous. This aspect of the decision was overruled by the Board, and Ngah does not challenge this issue on appeal. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (stating that issue not raised on appeal is waived); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same). Ngah's appeal is therefore limited to the denial of her application for asylum, withholding of removal and protection under the CAT, in addition to her due process claim.

- 2 -

process rights is foreclosed by our decision in <u>Blanco de Belbruno v. Ashcroft</u>, 362 F.3d 272 (4th Cir. 2004). In <u>Blanco de Belbruno</u>, we held that "the BIA's streamlining regulations do not violate an alien's rights to due process of law under the Fifth Amendment." <u>Id.</u> at 282-83.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>